**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC. )<br>425 Third Street, SW, Suite 800 )<br>Washington, D.C. 20024, )<br>   )<br>            Plaintiff, )<br>   )<br>v.  )<br>   )<br>U.S. DEPARTMENT OF STATE, )<br>2201 C Street, N.W. )<br>Washington, DC 20520, )<br>   )<br>and )<br>   )<br>CENTRAL INTELLIGENCE AGENCY, )<br>Washington, DC 20502, )<br>   )<br>            Defendants. )<br>_____ ) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of State and the Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant U.S. Department of State ("State") is an agency of the U.S. Government and is headquartered at 2201 C Street, N.W., Washington, DC 20520. State has possession, custody, and control of certain public records to which Plaintiff seeks access.

5. Defendant Central Intelligence Agency ("CIA") is an agency of the U.S. Government and is headquartered at Washington DC, 20502. The CIA has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On October 26, 2011, Plaintiff submitted a FOIA request to State, by facsimile and certified mail, seeking access to the following public records:

> 1. Any and all records regarding, concerning, or related to a deceased individual named Abdulrahman Anwar al-Awlaki, a/k/a Abdulrahman Anwar al-Aulaqi. This individual was born on August 26, 1995 in Denver, Colorado and died on or about October 14, 2011 in Shabwa Province, Yemen. As proof of death, [Judicial Watch has] included two Washington Post articles documenting his death.
>
> 2. Any and all records of communication between any official, employee or representative of the U.S. State Department and any official, employee, or representative of any other government agency regarding, concerning or related to Abdulrahman Anwar al-Awlaki between January 1, 2010 and the date of this request.

7. On February 2, 2012, State acknowledged receipt of Plaintiff's October 26, 2011 FOIA request and assigned the request "Case Control Number F-2011-25503." State indicated that "[u]nusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request." State also indicated that it would notify Plaintiff "as soon as responsive material has been retrieved and reviewed."

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), State was required to determine whether to comply with Plaintiff's request within twenty (20) working days after State's receipt of the request on October 26, 2011 and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, State's determination was due by November 24, 2011 at the latest.

9. On October 26, 2012, Plaintiff submitted a FOIA request to the CIA, by facsimile and certified mail, seeking access to the following public records:

> 1. Any and all records regarding, concerning, or related to a deceased individual named Abdulrahman Anwar al-Awlaki, a/k/a Abdulrahman Anwar al-Aulaqi. This individual was born on August 26, 1995 in Denver, Colorado and died on or about October 14, 2011 in Shabwa Province, Yemen. As proof of death, [Judicial Watch has] included two Washington Post articles documenting his death.
>
> 2. Any and all records of communication between any official, employee or representative of the U.S. State Department and any official, employee, or representative of any other government agency regarding, concerning or related to Abdulrahman Anwar al-Awlaki between January 1, 2010 and the date of this request.

10. The CIA acknowledged receipt of Plaintiff's FOIA request on November 17, 2011 and assigned the request reference number F-2012-00159.

11.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the CIA was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Accordingly, Defendant's determination was due by November 24, 2011 at the latest.

12.     As of the date of this Complaint, Defendants State and the CIA ("Defendants") have failed to:  (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

13.     Because Defendants failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## **COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

14.     Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.     Defendants are unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

16.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to

Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   June 4, 2012                             Respectfully submitted,

                                                  JUDICIAL WATCH, INC.

                                                  /s/ Paul J. Orfanedes
                                                  D.C. Bar No. 429716
                                                  425 Third Street, S.W., Suite 800
                                                  Washington, DC 20024
                                                  (202) 646-5172

                                                  *Attorneys for Plaintiff*